## McBRIER et al. v. A CARGO OF HARD COAL.

(District Court, D. Minnesota, Fifth Division. September 3, 1895.)

WAIVER OF MARITIME LIENS — EFFECT OF DISCHARGE OF CARGO — ADMIRALTY PLEADING.

An allegation that, before discharge of cargo, libelants notified the consignee that they would look to the cargo for freight and demurrage, is sufficient to show that their lien therefor was not waived by such discharge.

This was a libel by James McBrier, John Thompson, and E. D. Carter, owners of the steamboat Nyanza, to enforce an alleged lien for freight and demurrage. The Pioneer Fuel Company, consignee of the cargo, has interposed certain exceptions to the libel.

H. R. Spencer, for libelants.
E. S. McMillan, for claimant.

NELSON, District Judge. The only question raised on the argument of the exceptions to the libel upon which the court is in doubt is whether the libel, having set forth a discharge of the cargo, should have also stated, in order to preserve a lien for freight and demurrage, the further fact that there was an understanding that such discharge was not a waiver of the lien. It is set forth in the libel that before such discharge a notice was served upon the consignee that the libelants would look to the cargo for freight and demurrage, and also that the consignee eventually discharged the cargo after such notice. I think this is a sufficient allegation that the delivery was not unqualified and absolute, but made with the intent to retain the lien. If it be true that before the cargo was discharged, or when the boat was at the dock of the consignee, notice of a claim and lien for freight and demurrage was given, an action in rem against the cargo can be maintained; and some authorities hold that notice even before the commencement of the suit is sufficient to sustain an action against the cargo to enforce the lien. Upon full consideration of the exceptions to the libel, they are overruled. Ordered accordingly.